IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MALCOLM JOHNSON**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **KATE BROWN**, in her personal capacity and official capacity of Governor of the State of Oregon; and **PATRICK ALLEN**, in his personal capacity and official capacity as Director of the Oregon Health Authority, <br><br> Defendants. | Case No. 3:21-cv-1494-SI <br><br> **OPINION AND ORDER** |

Stephen J. Joncus, JONCUS LAW P.C., 13203 SE 172nd Avenue, Suite 166 #344, Happy Valley, OR 97086. Of Attorneys for Plaintiffs.

Ellen F. Rosenblum, Attorney General; Marc Abrams, Assistant Attorney-in-Charge; and Christina L. Beatty-Walters, Senior Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, OR 97201. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs brought this lawsuit to challenge state-ordered COVID-19 vaccination mandates issued by Oregon Governor Kate Brown and Oregon Health Authority (OHA) Director Patrick Allen. The Court collectively refers to all vaccination mandates challenged in this lawsuit as the "Vaccine Orders." Under an executive order and related regulations, Oregon required

PAGE 1 – OPINION AND ORDER

certain employees not otherwise exempt on either medical or religious grounds to be vaccinated against COVID-19 or face the risk of losing their jobs. This Court previously denied Plaintiffs' Motion for Temporary Restraining Order. ECF 20. After the Court's ruling, Plaintiffs filed an Amended Complaint (ECF 37) and then a Corrected Amended Complaint (ECF 38), which is the operative pleading. For simplicity, the Court refers to the Corrected Amended Complaint as the "Amended Complaint."

In their Amended Complaint, Plaintiffs asserted five claims for relief. Plaintiffs' first three claims invoked 42 U.S.C. § 1983 and alleged violations of the Due Process Clause of the Fourteenth Amendment, the Privileges Or Immunities Clause of the Fourteenth Amendment, and the Supremacy Clause. ECF 38. Plaintiffs' fourth claim alleged a violation of state law, and Plaintiffs' fifth claim was titled simply "injunction." *Id*. Defendants have moved to dismiss, arguing that, among other things, Plaintiffs have failed to state a claim upon which relief can be granted. ECF 39. In response to Defendants' motion to dismiss, Plaintiffs explain that they do not oppose dismissal of the latter two claims, including Plaintiffs' state law claim. ECF 42 at 39. For the reasons stated below, the Court grants Defendants' Motion to Dismiss on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted. Because Plaintiffs have already had the opportunity to replead their claims after receiving the benefit of the Court's analysis denying Plaintiffs' motion for a temporary restraining order (ECF 20), the Court dismisses this action with prejudice.[1]

---

[1] Because the Court concludes that Plaintiffs have failed to state a claim upon which relief may be granted, the Court declines to reach Defendants' argument challenging service of process. Because Plaintiffs agree to the dismissal of their state law claim, there is no need for the Court to address Defendants' jurisdictional argument.

PAGE 2 – OPINION AND ORDER

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

In a 55-page Opinion and Order, the Court previously described the background of this dispute, including the COVID-19 pandemic, the FDA licensening process, the surge of COVID-19 cases in Oregon in the summer of 2021, and the State of Oregon's responses. ECF 20. In summary, in the midst of the summer 2021 surge of COVID-19 infections in Oregon, Governor Brown issued Executive Order (EO) 21-29, requiring that State Executive-branch employees be fully vaccinated against COVID-19 either by October 18, 2021, or six weeks after the date that the FDA approves a COVID-19 vaccine, whichever comes later. The OHA adopted a similar rule for teachers, school staff, and school volunteers, and another rule for healthcare providers and healthcare staff. As of September 22, 2021, the Food and Drug Administration (FDA) had approved the COVID-19 vaccine developed by Pfizer-BioNTech under the brand name COMIRNATY® for use in individuals ages 16 and older.

### A. Vaccine Orders

Plaintiffs challenge two orders issued by the OHA regarding COVID-19 vaccinations, ultimately promulgated as Oregon Administrative Rule (OAR) 333-019-1030 (the Education Order) and OAR 333-019-1010 (the Healthcare Order). The Education Order was first adopted on August 25, 2021, and was originally effective through February 20, 2022. OAR 333-019-1030. The Education Order was modified on January 28, 2022, and no longer has an expiration date. *Id.* It states that "[c]hildren are required to attend school, which is a congregate setting where COVID-19 can spread easily if precautions are not taken . . . This rule is necessary to help control COVID-19, and to protect students, teachers, school staff, and volunteers." OAR 333-019-1030(1). The Education Order then provides that, after October 18, 2021, "[t]eachers, school

PAGE 4 – OPINION AND ORDER

staff and volunteers may not teach, work, learn, study, assist, observe, or volunteer at a school unless they are fully vaccinated or have provided documentation of a medical or religious exception and the exception has been approved or accepted." OAR 333-019-1030(3)(a).

The Healthcare Order was originally adopted on August 5, 2021, and was modified several times, with substantive changes made most recently on January 31, 2022. OAR 333-019-1010. Previous versions of the Healthcare Order expired on January 31, 2022, but the current version has no expiration date. The Healthcare Order explains that:

> It is vital to this state that healthcare providers and healthcare staff be vaccinated against COVID-19. COVID-19 undergoes frequent mutations as it replicates, which over time has resulted in variants that are more transmissible or cause more severe disease. Unvaccinated individuals exposed to COVID-19 are very likely to become infected in the absence of mitigation measures and may then transmit the virus to others. Fully vaccinated people get COVID-19 (known as vaccine breakthrough infections) much less often than unvaccinated people. Being vaccinated is critical to prevent spread of COVID-19. Healthcare providers and healthcare staff have contact with multiple patients over the course of a typical day and week. The CDC recommends vaccination against COVID-19 for all eligible individuals. This rule is necessary to help control COVID-19, protect patients, and to protect the state's healthcare workforce.

OAR 333-019-1010(1). Based on these concerns, the Healthcare Order provides that after October 18, 2021, "[h]ealth care providers and healthcare staff may not work, learn, study, assist, observe, or volunteer in a healthcare setting unless they are fully vaccinated or have provided documentation of a medical or religious exception." OAR 333-019-1010(3)(a).[2]

---

[2] The terms "[h]ealthcare providers and healthcare staff" are defined as:

> individuals, paid and unpaid, working, learning, studying, assisting, observing or volunteering in a healthcare setting providing direct patient or resident care or who have the potential for direct or indirect exposure to patients, residents, or infectious materials, and includes but is not limited to any individual licensed by a health regulatory board as that is defined in ORS 676.160,

PAGE 5 – OPINION AND ORDER

Plaintiffs also challenge EO 21-29, issued by Governor Brown on August 13, 2021. EO 21-29 required that Oregon executive branch employees be "fully vaccinated" against COVID-19 by October 18, 2021, or six weeks after the date that the FDA approves a COVID-19 vaccine, whichever comes later. EO 21-29 allows for exceptions "for individuals unable to be vaccinated due to disability, qualifying medical condition, or a sincerely held religious belief." By its terms, EO 21-29 was to remain in effect until terminated by the Governor. On March 17, 2022, Governor Brown issued EO 22-03, which terminated the COVID-19 state of emergency and rescinded EO 21-29 as of April 1, 2022.

## B.  Plaintiffs

Seventy-four Plaintiffs are named in the caption of the Amended Complaint. Two are organizations: (1) Free Oregon, "a domestic non-profit corporation dedicated to restoring and protecting the civil rights of its fellow Oregonians," Am. Compl ¶ 9; and (2) Children's Health

---

> unlicensed caregivers, and any clerical, dietary, environmental services, laundry, security, engineering and facilities management, administrative, billing, student and volunteer personnel.

OAR 333-019-1010(2)(f)(A). "Healthcare setting" is defined as:

> any place where health care, including physical, dental or behavioral health care is delivered and includes, but is not limited to any health care facility or agency licensed under ORS chapter 441 or 443, such as hospitals, ambulatory surgical centers, birthing centers, special inpatient care facilities, long-term acute care facilities, inpatient rehabilitation facilities, inpatient hospice facilities, nursing facilities, assisted living facilities, residential facilities, residential behavioral health facilities, adult foster homes, group homes, pharmacies, hospice, vehicles or temporary sites where health care is delivered or is related to the provision of health care (for example, mobile clinics, ambulances) outpatient facilities, such as dialysis centers, health care provider offices, dental offices, behavioral health care offices, urgent care centers, counseling offices, offices that provide complementary and alternative medicine such as acupuncture, homeopathy, naturopathy, chiropractic and osteopathic medicine, and other specialty centers.

OAR 333-019-1010(2)(g)(A).

PAGE 6 – OPINION AND ORDER

Defense, Oregon, a nonprofit whose parent organization, Children's Health Defense, "believes in complete health freedom," *id.* ¶ 10. The remaining 72 named individuals are healthcare providers, healthcare staff, teachers, school staff, a school volunteer, five state government employees, and an Oregon State Bar employee, each of whom objects to the Vaccine Orders (collectively, the Named Individual Plaintiffs). *Id.* ¶¶ 11-82. Of the Named Individual Plaintiffs, 27 allege that they have received some kind of exemption from their employers. *Id.* ¶¶ 14, 15, 18, 19, 20, 21-24, 28, 29, 33, 42, 43, 56-59, 62, 64-66, 70, 73, 75, 77, 79. Eight of the Named Individual Plaintiffs allege that they have received at least one dose of the COVID-19 vaccination. *Id.* ¶¶ 25, 31, 55, 60, 67, 69, 76, 81.

## DISCUSSION

### A. Mootness

Of the 72 Named Individual Plaintiffs, four purport to work for Oregon state executive agencies, such that they are subject to EO 21-29. Am. Compl. ¶¶ 59, 62, 64, 82.[3] As described

---

[3] Two Named Individual Plaintiffs allege that they are subject to Governor Brown's orders, but that does not appear to be correct. One Plaintiff, Ms. L, alleges that she "works for a branch of the Oregon Judicial Department." Am. Compl. ¶ 75. The Oregon Judicial Department, however, is not an "executive" agency headed by the Governor. Rather, it is overseen by the Chief Justice of the Oregon Supreme Court as part of the Judicial Branch. *See* ORS 174.112 (defining "Executive department"). The challenged Executive Order does not apply to employees of the Judicial Branch. Another Plaintiff, Cassandra Dyke, is an employee of the Oregon State Bar. Am. Compl. ¶ 81. Plaintiffs allege that Ms. Dyke "took a COVID-19 vaccination for her personal family reasons. However, the Oregon State Bar is now mandating a booster shot for its employees. She has learned that the vaccines are ineffective and dangerous, and she is adamantly opposed to the mandate." *Id.* Although employees of the Oregon State Bar are not subject to either the Healthcare or Education Orders, it is unclear whether employees of the Oregon State Bar are "executive" branch state employees subject to EO 21-29. Because, however, the Court finds that the claims against the Governor are moot, the Court need not determine whether the Oregon State Bar employees are "executive" state branch employees, "judicial" branch state employees, employees of a quasi-public entity, or something else.

It is also not apparent which of the Vaccine Orders Plaintiffs believe compels any employer to mandate booster shots. Each of the orders at issue define "fully vaccinated" as "having received both doses of a two-dose COVID-19 vaccine or one dose of a single-dose

above, however, EO 21-29 was rescinded as of April 1, 2022, by EO 22-03, which the Governor signed on March 17, 2022. As of March 17, 2022, this Motion to Dismiss (ECF 39) had been filed, as had Plaintiffs' response (ECF 42). In their Reply to the Motion to Dismiss (ECF 45), Defendants state that Plaintiffs' claims against the Governor are moot as of April 1, 2022, and should be dismissed for that additional reason.

A federal court does not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "A claim is moot if it has lost its character as a present, live controversy." *Rosemere Neighborhood Ass'n v. U.S. Env't. Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009) (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). To determine mootness, "the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be *any* effective relief." *Nw. Env't. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988) (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1403 (9th Cir. 1986)) (emphasis in original).

If a course of action is mostly complete but modifications still can be made that could alleviate the harm suffered by the plaintiff's injury, the issue is not moot. *Tyler v. Cuomo*, 236 F.3d 1124, 1137 (9th Cir. 2000). A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted). The party alleging "mootness bears a 'heavy' burden" to establish that

---

COVID-19 vaccine and at least 14 days have passed since the individual's final dose of COVID-19 vaccine." EO-21-29; OAR 333-019-1010(2)(e); OAR 333-019-1030(2)(d).

a court can provide no effective relief. *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (quoting *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)).

The Court agrees with Defendants that it would be impossible to grant the state employee Plaintiffs the relief they request. The Court finds that the Governor's receission of EO 21-29 moots the claims asserted against her. Thus, the Court dismisses as moot all claims alleged against Governor Brown.

**B.  Due Process Claim**

As explained in the Court's earlier Opinion and Order (ECF 20), the applicable standard of review for Plaintiffs' due process claims is rational basis review. *See Jacobson v. Massachusetts*, 197 U.S. 11, 25-29 (1905); *see also Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring) ("Although *Jacobson* pre-dated the modern tiers of scrutiny, this Court essentially applied rational basis review to Henning Jacobson's challenge to a state law that, in light of an ongoing smallpox pandemic, required individuals to take a vaccine, pay a $5 fine, or establish that they qualified for an exemption."). Under rational basis review, the state conduct is presumed valid and will be upheld so long as it is "rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

Plaintiffs fail plausibly to allege that the Vaccine Orders "shock the conscience" or that the state action is not rationally related to any legitimate state interest. The Vaccine Orders are rationally related to Defendants' interests in slowing the spread of COVID-19, protecting Oregon's citizens, protecting children and teachers in schools, and preserving healthcare resources and protecting patients. *See Peinhopf v. Leon Guerrero*, 2021 WL 2417150, at *5 (D. Guam June 14, 2021) ("[T]his court finds that 'the notion that restrictions designed to save human lives [from COVID-19] are "conscious shocking" to be absurd and not worthy of serious

PAGE 9 – OPINION AND ORDER

discussion.'" (quoting *Herrin v. Reeves*, 2020 WL 5748090, at *9 (N.D. Miss. Sept. 25, 2020)) (alterations in *Peinhopf*)).

The decision to require vaccination among critical populations, such as healthcare workers and providers and education workers and volunteers, is a rational way to further the State's interest in protecting everyone's health and safety during the COVID-19 pandemic. *See, e.g.*, *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613-14 (2020) (Roberts, C.J., concurring) ("When [public] officials undertake to act in areas fraught with medical and scientific uncertainties, their latitude must be especially broad. Where those broad limits are not exceeded, they should not be subject to second-guessing by an unelected federal judiciary, which lacks the background, competence, and expertise to assess public health and is not accountable to the people." (cleaned up)); *see also*, *Peinhopf*, 2021 WL 2417150, at *5 ("The court finds that Defendants had a legitimate reason for issuing the Executive Orders and Guidance Memos; and that is, to safeguard public health and contain the virus's spread."). Plaintiffs have not plausibly alleged that the Vaccine Orders "shock the conscience." Accordingly, the Vaccine Orders do not violate Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment, and the Court dismisses that cause of action.

## C. Privileges Or Immunities Claim

Plaintiffs allege that the Vaccine Orders also violate the Privileges Or Immunities Clause of the Fourteenth Amendment.[4] Plaintiffs allege that they have a fundamental right "not to be coerced into taking experimental medication." Am. Compl. ¶ 209. Plaintiffs contend that right is

---

[4] Plaintiffs refer to the "Privileges And Immunities Clause of the Fourteenth Amendment," and cite "U.S. CONST. amend XIV, § 1." The Court, however, construes the Complaint as referring to the Privileges *Or* Immunities Clause of the Fourteenth Amendment, section 1, rather than the Privileges *And* Immunities Clause of Article IV, section 2 of the Constitution. They are two distinct clauses.

"essential to the preservation of liberty," is "inherently possessed by human beings," and "has been explicitly recognized as a fundamental human right since World War II." *Id.* Defendants argue that this claim should be dismissed because, after the Supreme Court's decision in the *Slaughter-House Cases*, 83 U.S. 36 (1872), courts have consistently interpreted the Privileges Or Immunities Clause as a "nugatory," *Paciulan v. George*, 229 F.3d 1226, 1229 (9th Cir. 2000), and that Plaintiffs provide no caselaw to support the application of that clause here. In their response to Defendants' Motion to Dismiss, Plaintiffs do not argue that Defendants are incorrect but assert only that they "are entitled to a seek a change in law, should an appeal get to the Supreme Court." ECF 42 at 31. Because Plaintiffs concede that their legal theories are plainly foreclosed by Supreme Court precedent, the Court dismisses Plaintiffs' claims under the Privileges Or Imminuities Clause.

### D.  Supremacy Clause Claim

Plaintiffs argue that the Vaccine Orders conflict with federal informed consent laws associated with federal Emergency Use Authorization (EUA) medical products and thus violates the Supremacy Clause of the Constitution, U.S. Const. art. VI, cl. 2. The Supremacy Clause, however, does not provide an independent cause of action upon which relief can be granted. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324-25 (2015) ("It is equally apparent that the Supremacy Clause is not the source of any federal rights, . . . and certainly does not create a cause of action." (cleaned up)). In addition, the Vaccine Orders do not violate EUA informed consent laws for the reasons explained in the Court's earlier Opinion and Order. ECF 20 at 35-38. Becaause Plaintiffs fail plausibly to allege a claim under the Supremacy Clause, the Court dismisses Plaintiffs' claims under the Supremacy Clause.

## CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss (ECF 39) with prejudice and will enter Judgment accordingly.

**IT IS SO ORDERED**.

DATED this 5th day of July, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
